**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

ELAINE DENNIS and COURTNEY
WHITE,

        Plaintiffs,

v.

GOOD DEAL CHARLIE, INC.,
  d/b/a OVERSTOCK FURNITURE &
   MATTRESS,
SOUTHEASTERN LIQUIDATORS LLC,
STRATEGIC PARTNER HOLDING,
LLC, and
CHEAP SLEEP, L.L.C.,

        Defendants.

Case No. 20-CV-295-GKF-JFJ

## OPINION & ORDER

Before the Court is the Motion for Partial Summary Judgment of defendant Good Deal Charlie, Inc., d/b/a Overstock Furniture & Mattress [Doc. 172].  For the following reasons, Good Deal Charlie's motion is granted in part and denied in part.

Defendant Good Deal Charlie moves for summary judgment on Counts Four and Five of plaintiffs' Amended Class Action Complaint.  Count Four is a claim for violations of the Oklahoma Consumer Protection Act (OCPA), 15 O.S. § 751, *et seq.*, and Count Five is a claim of negligence *per se*.

In Count Four, plaintiffs allege that Good Deal Charlie's violations of the OCPA include, but are not limited to, the following:

    a.  Representing, knowingly or with reason to know, that the subject of a consumer transaction is original or new if the person knows that it is reconditioned, reclaimed, used, or secondhand, in violation of 15 O.S. § 753(6);

b. Willfully failing to state a material fact and/or willfully concealing, suppressing, and/or omitting a material fact in order to encourage consumer transactions, in violation of 15 O.S. § 753(7);

c. Advertising goods or services with the intent not to sell them as advertised in violation of 15 O.S. § 753(8);

d. Making false or misleading statements concerning the reasons for, existence of, or amounts of price reductions in violation of 15 O.S. § 753(11); and

e. Conducting a "going-out-of-business sale" for more than 90 days in violation of 15 O.S. § 753(8), (13), (14).

Amended Class Action Complaint, Doc. 31, ¶ 88.

Good Deal Charlie argues that the actions and transactions about which plaintiffs complain are regulated under laws administered by the Oklahoma Department of Health and therefore fall within an express exemption to the OCPA. The OCPA provides that "[n]othing in this act shall apply to…[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state … ." Courts interpreting § 754 have found the exemption applicable when the alleged conduct constituting a violation of the OCPA is regulated by a state or federal agency. *Sonic Industries LLC v. Halleran*, 2017 WL 239388, at *6 (W.D. Okla. Jan. 19, 2017); *Salmon v. CRST Expedited, Inc.*, 2015 WL 1395237, at *6 (N.D. Okla. Mar. 25, 2015); *Dinwiddie v. Suzuki Motor of America, Inc.*, 111 F. Supp. 3d 1202, 1215-16 (W.D. Okla. 2015); *Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228-29 (W.D. Okla. 2008); *Woods v. Sunrise Senior Living, Inc.*, 2006 WL 8436120, at *2 (W.D. Okla. Sept. 26, 2006); *Estate of Hicks v. Urban East, Inc.*, 92 P.3d 88, 93-4 (Okla. 2004). However, the exemption does not apply when a defendant's conduct is governed in

some respects by a state or federal agency but the specific conduct at issue is not regulated under laws administered by the regulatory body acting under statutory authority. *Sisemore v. Dolgencorp, LLC*, 212 F. Supp. 3d 1106, 1109 (N.D. Okla. 2016); *Salmon*, 2015 WL 1395237, at *6 (citing *Conatzer v. American Mercury Ins. Co., Inc.*, 15 P.3d 1252, 1255 (Okla. Civ. App. 2000); *Robinson v. Sunshine Homes, Inc.*, 291 P.3d 628, 634-35 (Okla. Civ. App. 2010).[1]

The regulatory regime Good Deal Charlie invokes requires the Oklahoma State Board of Health to promulgate rules for, *inter alia*, "[t]he label requirements" on bedding, "[t]he sanitation of renovated or secondhand bedding," and "[p]rescribing means, methods and practices to implement the provisions of the Oklahoma Bedding Regulation Act," 63 O.S. § 1-1001.5. Pursuant to that statutory directive, the Oklahoma State Board of Health has promulgated rules regarding the labeling and tagging of bedding; the germicidal treatment of second-hand bedding; the sanitation of premises on which bedding is manufactured, repaired, or renovated; permit fees for manufacturing, repairing, selling, and the germicidal treatment of bedding; adhesive revenue stamps to be affixed to bedding labels; and the identification of second-hand bedding and bedding materials. Okla. Admin. Code § 310:215-1-1, *et seq*.

To the extent plaintiffs' OCPA claim for "[w]illfully failing to state a material fact and/or willfully concealing, suppressing, and/or omitting a material fact in order to encourage consumer transactions" in violation of 15 O.S. § 753(7) relates to the labeling and/or sanitation of the mattresses purchased by plaintiffs, the claim is exempted. However, to the extent plaintiffs' OCPA claim alleges actions that are not regulated by the Oklahoma State Board of Health under the statutory authority of the Oklahoma Bedding Regulation Act, the exemption is inapplicable. Such conduct includes, but is not limited to, alleged representations by Good Deal Charlie's sales staff

---

[1] Opinions released for publication by the Oklahoma Court of Civil Appeals are considered to have persuasive effect. Okla. Sup. Ct. R. 1.200 (d)(2).

that the mattresses were "scratch and dent" rather than "used," and that the mattresses were "of a particular standard, quality, or grade" when they were not. [Amended Class Action Complaint, ¶ 87]. The motion is therefore granted in part and denied in part as to Count Four.

The same analysis applies to the motion for summary judgment on Count Five, the negligence *per se* claim. For the violation of a statute to constitute negligence *per se*, the injury must be of a type intended to be prevented by the statute. *Ohio Casualty Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla. 1991). Because labeling and/or sanitation of the mattresses purchased by the plaintiffs is regulated by the State Department of Health, the exemption set forth in § 754 of the OCPA is applicable, and any injury resulting from that conduct is not of a type intended to be prevented by the OCPA. Accordingly, the motion is granted in part and denied in part as to Count Five.

Finally, Good Deal Charlie contends that no facts exist to support plaintiffs' OCPA claim that Good Deal Charlie conducted a "closing out sale." However, plaintiff Courtney White testified at her deposition that she purchased a mattress from Good Deal Charlie because she and her mother "were driving down the road, and I saw a sign that said 'Liquidation Sale,' and I thought that I could find something at a discounted price because it was a liquidation sale." The OCPA defines a "closing out sale" to include "any sale held or advertised as a … liquidation … or other like or similar title." 15 O.S. § 752(8). Because facts exist to support the claim that Good Deal Charlie conducted a "closing out sale," the motion for partial summary judgment is denied in this respect.

WHEREFORE, the Motion for Partial Summary Judgment of defendant Good Deal Charlie, Inc., d/b/a Overstock Furniture & Mattress [Doc. 172] is granted in part and denied in part.

IT IS SO ORDERED this 19th day of August, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE